J-S13001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON SCOTT BEATTY | |
| Appellant | No. 1534 MDA 2019 |

Appeal from the PCRA Order entered September 9, 2019
In the Court of Common Pleas of Lebanon County
Criminal Division at Nos:  CP-38-CR-0001055-2016,
CP-38-CR-0001310-2016

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 03, 2020**

Appellant, Brandon Scott Beatty, appeals from the September 9, 2019 order entered in the Court of Common Pleas of Lebanon County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On November 22, 2016, Appellant entered a guilty plea at two docket numbers, CR-1055-2016 and CR-1310-2016.[1]  The plea agreement in CR-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] CR-1055-2016 arises from a high speed chase while an adult and a child were in the vehicle driven by Appellant.  Appellant was charged with causing or risking a catastrophe, aggravated assault, fleeing or attempting to elude police officer, receiving stolen property, endangering the welfare of children, driving under the influence, recklessly endangering another person, criminal

1055-2016 called for Appellant to receive a minimum sentence of 48 months in a state correctional institution with the trial court to set the maximum. The plea agreement in CR-1310-2016 called for a minimum sentence of 6 months' incarceration and a maximum sentence to be set by the trial court concurrent with CR-1055-2016.

On February 1, 2017, the trial court sentenced Appellant to concurrent terms of 48 months to 20 years' imprisonment in a state correctional institution in CR-1055-2016 and 6 months to 10 years in CR-1310-2016.

On June 8, 2017, Appellant filed a PCRA petition in which he alleged, *inter alia*, that the sentencing judge erred in not recusing himself after making biased comments about Appellant and his family, and trial counsel was ineffective for not seeking recusal. After appointing counsel, the PCRA court held a hearing on Appellant's motion. On September 9, 2019, the PCRA court denied Appellant's petition.

In its order, the PCRA court stated, *inter alia*:

> The [PCRA court] hereby indicates to [Appellant] that he has 30 days from today's date to file **an appeal** to the Superior Court. [Defense counsel] will continue to represent [Appellant] until his appeals are exhausted, and [Appellant] shall continue without having to pay any filing fees or any costs.

_____

mischief, resisting arrest and accidents involving damage to attended vehicle or property. *See* Criminal Complaint, Affidavit of Probable Cause, 5/17/16.

CR-1310-2016 arises from a burglary incident. Appellant was charged with burglary (F2) and criminal trespass (F2). *See* Criminal Complaint, Affidavit of Probable Cause, 6/15/16.

Order, 9/9/19, at 1 (emphasis added).

On September 20, 2019, Appellant filed a single notice of appeal listing both docket numbers. Pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), which requires separate notices of appeal from an order resolving issues arising on more than one docket,[2] we issued a rule to show cause why the appeal should not be quashed. Counsel for Appellant filed a response acknowledging, in essence, his mistake. Appellant's Response to Rule to Show Cause, 10/17/19, at 2.

Quashal is unnecessary in view of our recent decision in **Commonwealth v. Larkin**, — A.3d —, 2020 WL 3869710 (Pa. Super. filed July 9, 2020) (*en banc*). In **Larkin**, the trial court entered an order of dismissal in a PCRA case which informed the petitioner that he had thirty days from the date of the order "to file **an** appeal." **Id.** at __ (slip op. at 6) (emphasis in original). The petitioner timely filed a notice of appeal listing both of his criminal docket numbers. We declined to quash the appeal on the ground that the order's reference to "an appeal" misled the petitioner into filing a single notice of appeal, thus constituting a breakdown in the court's operation. **Id.**

---

[2] **Walker's** rule applies to all appeals filed after June 1, 2018, such as the appeal in the present case.

Similarly, the order in the instant case advised Appellant of his right "to file *an* appeal" within thirty days of the trial court's order, the same judicial breakdown that took place in *Larkin*. Thus, as in *Larkin*, we decline to quash the appeal and will proceed to the merits.

Appellant argues that the sentencing judge should have recused himself after making biased comments about Appellant and his family, and that trial counsel was ineffective for not seeking recusal of the sentencing judge. We disagree.

At issue are the following comments by the sentencing judge:[3]

> I know a little bit of your family history, okay. I know your dad. From your social history it tells me he wasn't really in your life. I know two [of] his brothers. . . . I didn't represent your dad, but I represented I think one of his brothers. Another one was represented through the office. And I know your grandfather. Burglary seems to be something that your grandfather did. Burglary seems to be something that your dad did. Burglary seems to be something that you do.

> . . . .

> You might be living proof of why you need a dad in your life, why you need a mom in your life, why you need somebody to talk to you about rules and consequences when you're this tall, so that when you get to be six-three or whatever they said you are you will follow the rules and consequences.

> . . . .

> I think where I was talking about your whole life has been about, I don't care what comes down the pike. And, you know, maybe you haven't been given good examples or whatever[.]

_____

[3] The sentencing judge was formerly the Chief Public Defender of Lebanon County.

- 4 -

. . . .

They are agreeing to run all those charges concurrent, anything that happened with this vehicle and this burglary, and I'm okay with that because four years in jail is a lot of time. But I'm not okay with is somebody continuing to do what they want to do and not thinking about consequences. So, your tail is going to be 20 years, and it's my hope that we don't see you back here[.] Unfortunately, because I knew your dad and represented one of your uncles and had that connection, it's going to be a name that I remember.

. . . .

Like I said, I know your dad and by and large I think he's a smart fellow. He made one really stupid decision recently, beyond all the burglaries that he committed. He decided not to take the plea offered him because it was a lot of years and then he decided to enter an open plea. Wrong decision. Even smart guys can make wrong decisions.

N.T. Sentencing, 2/1/17, at 4-9.

During the PCRA hearing, trial counsel testified he was not aware of the sentencing judge's knowledge of Appellant's family until the sentencing hearing. Trial counsel testified that he did not object to any of the above comments because he was focused on whether the sentencing judge would accept the negotiated plea. At any rate, trial counsel did not find the comments prejudicial. We agree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record," viewed in the light most favorable to party who prevailed before the PCRA court. *Id.* (citation omitted).

In reality, Appellant's claim that the sentencing judge failed to recuse himself is a thinly disguised attack on the discretionary aspects of his sentence. *See* Appellant's Brief at 15 (claim that the long "tail," *i.e.*, maximum sentence, was "excessive" and "was only done as a result of the bias and prejudice shown toward Appellant and [his] family"). This claim is not cognizable under the PCRA. The PCRA affords relief for seven specific categories of claims. 42 Pa.C.S.A. § 9543(b)(2). A claim that the judge failed to recuse himself it does not fall within any of these categories. Neither does a challenge to the discretionary aspect of the sentence. *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). No relief is due.

Next, Appellant claims that counsel was ineffective for failing to request the recusal of the sentencing judge for his comments. Our Supreme Court has summarized the *Strickland/Pierce*[4] test for ineffective assistance as follows:

> [W]e apply a three-pronged test for determining whether trial counsel was ineffective, derived from our application in *Pierce*, [] 527 A.2d at 975, of the performance and prejudice test articulated by the United States Supreme Court in *Strickland*, 466 U.S. at 687[.] The *Pierce* test requires a PCRA petitioner to

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different. **Pierce**, [] 527 A.2d at 975. If a petitioner fails to prove any of these prongs, his claim fails.

**Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

Appellant failed to prove he suffered prejudice from counsel's inaction. Appellant entered in a negotiated plea agreement with the Commonwealth in which he agreed to an aggregate minimum term of imprisonment of 48 months in a state correctional institution and a maximum sentence term of imprisonment to be determined by the sentencing court. The sentencing court accepted this agreement and sentenced Appellant in accordance with its terms, setting the maximum sentence at 20 years in CR-1055-2016 and 10 years in CR-1310-2016. Given that the plea agreement did not limit Appellant's maximum sentence as well as the serious nature of his crimes, Appellant failed to present a reasonable likelihood that a different sentencing judge would have imposed a shorter maximum had trial counsel challenged the court's comments and obtained his recusal. As such, Appellant is entitled to no PCRA relief under the theory of ineffective assistance of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2020